# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JASON RAY GRAY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:24-cv-22 |
| v. ) | |
| ) | Judge Atchley |
| JOYCE MCCONNELL, SANDY METCALF ) | |
| & VICKY AFISOV, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Ray Gray, a State inmate formerly in the custody of the Lincoln County Jail, was permitted to proceed in this action under 42 U.S.C. § 1983 on a claim that Lincoln County officials violated his right to equal protection of the law under the Fourteenth Amendment. [*See* Doc. 4 at 6]. Sheriff Joyce McConnell, Sandy Metcalf, and Vicky Afisov (collectively, "Defendants") have filed a Motion for Judgment on the Pleadings [Doc. 26]. Plaintiff failed to timely respond to the motion, and, consistent with the Court's local rules, the Court finds that Plaintiff has waived any opposition to the sought relief. *See* E.D. Tenn. L.R. 7.1, 7.2. Further, upon consideration of the Parties' pleadings and the applicable law, the Court finds Defendants' motion should be granted and this action dismissed, for the reasons set forth below.

## I.     ALLEGATIONS OF COMPLAINT & BACKGROUND [1]

Plaintiff maintains that female inmates at the Lincoln County Jail automatically receive "2 for 1 good days[,]" while male inmates may earn the same sentence credits only if they are chosen

---

[1] As only Plaintiff's gender-based equal protection claim survived the Court's screening of the complaint under the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(e), the Court confines its recitation of Plaintiff's allegations to this claim [*See, generally*, Doc. 4].

for a work assignment [Doc. 2 at 4]. Aggrieved by this alleged disparate treatment, Plaintiff filed the instant action asking for 2–for–1 work credits to be applied to his sentence both retroactively and prospectively [*Id.* at 5]. Soon after he filed suit, Plaintiff was transported to the Bledsoe County Correctional Complex [Doc. 8]. Plaintiff is now confined at the Northeast Correctional Complex ("NECX") [Doc. 19].

Defendants filed an answer to Plaintiff's complaint on June 10, 2024 [Doc. 20]. On December 13, 2024, Defendants filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, asserting Plaintiff has failed to state a claim upon which relief may be granted [Doc. 26 at 1–2].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(c), a party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). That is, the Court considers whether the Plaintiff's factual allegations, if true, would support a claim entitling him to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). These allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court has held:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

### III. ANALYSIS

In his complaint, Plaintiff maintains that he is entitled to the automatic sentence credits female inmates at the Lincoln County Jail received [*See* Doc. 2 at 3–4]. But, as set forth more fully below, Plaintiff (1) seeks relief contrary to Tennessee law; (2) presents moot claims; and (3) lacks standing.

Tennessee's statute governing time-reduction for inmates committed to the Tennessee Department of Correction ("TDOC") states, in relevant part, that "[s]entence credits shall not be earned or credited automatically, but rather shall be awarded on a monthly basis to an inmate at the discretion of the responsible warden in accordance with the criteria established by the [TDOC], and only after receipt by the warden of written documentation evidencing the inmate's good institutional behavior or satisfactory program performance or both." Tenn. Code Ann. § 41-21-236(a)(3)(A). Accordingly, the express language of the statute prohibits automatic sentence credits. *Id.*; *see also* Tenn. Code Ann. § 41-21-236(a)(2)(D) (providing "[n]o inmate shall have the right to any such time credits"). Instead, the statute uses permissive language allowing the discretionary award of such credits. *See* Tenn. Code Ann. § 41-21-236(a)(2)(A)(i) (providing inmate "who exhibits good institutional behavior or who exhibits satisfactory performance within a program *may* be awarded time credits") (emphasis added). And Plaintiff has not demonstrated that he has met the criteria established by the TDOC, nor has he alleged that the warden received documentation of his good institutional behavior and/or satisfactory program performance such that he would be entitled to any discretionary award of time credits under the statute. *See* Tenn.

Code Ann. § 41-21-236(a)(2)(A)(iii). Therefore, Plaintiff's claim for automatic sentence credits is contrary to Tennessee law, and he has not otherwise demonstrated an entitlement to the discretionary award of time credits.

Additionally, Defendants maintain that (1) automatic sentence credits are no longer awarded at the Lincoln County Jail, and (2) Plaintiff is no longer an inmate at the Jail, thus rendering his claims moot [Doc. 27 at 10–11]. A defendant's "[v]oluntary cessation will . . . moot a case where there is 'no reasonable expectation that the alleged violation will recur,' and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 757 (6th Cir. 2019) (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979). Because Defendants now concede that automatic sentencing credits violate Tennessee law and have ceased the practice, their "self-correction provides a secure foundation for a dismissal based on mootness[.]" *Id.* (quoting *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012)).

Moreover, even if Defendants had the authority and ability to provide Plaintiff with the requested relief, he is no longer confined in the Jail. Thus, Plaintiff's claim is moot, as the relief requested by Plaintiff is outside of the scope of Defendants' powers and responsibilities. *See, e.g., Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021) (holding when court "finds that it can no longer provide a plaintiff with any effectual relief, the case is generally moot").

But even assuming Plaintiff's complaint does not fail to state a claim based on mootness and automatic sentence credits being contrary to Tennessee law, the Court finds it fails to state a claim because Plaintiff lacks standing. Article III of the United States Constitution provides federal courts with the judicial power to resolve "cases" and "controversies[.]" U.S. Const. art. III, § 2. The case-or-controversy requirement requires a plaintiff to establish his or her standing to

4

sue. *See, e.g., FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The first is "injury in fact[,]" which requires the plaintiff to have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990)). Second, there needs to be a causal link between the challenged conduct and the identified injury. *Id.* And finally, "it must be likely . . . that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted).

Here, Plaintiff has not personally suffered a concrete injury, i.e., one that "actually exist[s]." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). When alleging an injury-in-fact in an equal protection case, a plaintiff can show that their injury in fact stems from "the imposition of [a] barrier," and need not allege the injury is "the ultimate inability to obtain the benefit." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993). But as noted above, Tennessee law explicitly provides that automatic credits "shall not be earned or credited[.]" Tenn. Code Ann. § 41-21-236(a)(3)(A). Thus, Plaintiff was treated appropriately under the law, because the automatic sentence credits Plaintiff seeks are not available to any inmate whatsoever. In other words, Defendants' failure to comply with Tennessee law in giving females automatic credits did not result in an injury to Plaintiff that "actually exist[s]" under the law, and therefore there is no concrete injury in this case. *Spokeo*, 578 U.S. at 340.

Furthermore, Defendants' alleged conduct did not impact Plaintiff in a "particularized" way. *Id.* Plaintiff complains of an extra-legal benefit to female prisoners, but that improper benefit to the females did not impact him in an individualized manner, as it did not prevent him from receiving a legally cognizable right. Rather, the benefit Plaintiff complains the females received

5

but he did not is prohibited by statute. Tenn. Code Ann. § 41-21-236(a)(3)(A). Thus, Plaintiff's claim that the female inmates received these inappropriate sentence credits alleges only an "impermissible generalized grievance" *Lujan*, 504 U.S. at 575 (internal quotation marks omitted). Accordingly, the Court finds Plaintiff has failed to establish he suffered an injury in fact.

Putting aside Plaintiff's lack of injury in fact, he has also failed to plead for relief that is likely to redress whatever injury he may have felt, which provides the Court with additional grounds to dismiss his complaint. *Lujan*, 504 U.S. at 560. Plaintiff seeks (1) a declaratory judgment "as to a violation of rights"; (2) a preliminary injunction "to provide [him] with copies of grievances and copies for legal work"; (3) a permanent injunction" to retroactively apply 2 for 1 credits"; and (4) "2 for 1 credits for future time served" [Doc. 2 p. 5]. But neither declaratory nor injunctive relief is appropriate where granting Plaintiff's request for automatic sentence credits would be a plain violation of Tennessee law. Thus, the Court finds Plaintiff's suit also fails for lack of redressability.

## IV. CONCLUSION

For the reasons explained above, Defendants' Motion for Judgment on the Pleadings [Doc. 26] will be **GRANTED**, and this action will be **DISMISSED**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to file an appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. A separate Judgment Order will enter.

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**